Barnard, P. J.
Upon the merits this case is very doubtful. The plaintiff testifies that about eight o’clock on the evening of the 28th of March, 1885, he was injured by the defendants negligence. That he attempted to get on one of its street cars, and that the car completely stopped, and before he succeeded in getting both feet on the rear platform, the conductor sounded the signal to start ahead, and that the car started at full speed. That thereby the plaintiff was thrown down and had his leg broken.
The complaint states the cause of the injury to have been a failure to fully stop the car. The variance is not esssen *690 tial. Both statements include the same thing. In both cases the cause of the injury is charged to have resulted from a failure to stop the car long enough and completely enough to enable the plaintiff to get in.
Whatever the variance, the question was for the jury. There is a fact still more unexplainable in the case. The plaintiff was found in or near the gutter with his leg SO' broken that it was impossible for him to use his leg.
The accident was some twenty-five or thirty feet away. The plaintiff does not explain how he got to the sidewalk, and apparently was not asked by either party. He may have drawn himself by his hands and arms from the track to the sidewalk. He may have been carried there by some one. He ought to have explained it to make a better case for the jury, and the defendants should have made the inquiry if the explanation would aid the jury in determining the truth. , *
As the case stands the jury had what the parties gave them, and an appellate court should not assume that an explanation could not have been given which would support, the plaintiff’s direct testimony that he was injured at the place, and in the manner he states he was. There was no witness other than the plaintiff who testifies to the occurence as an eye witness. The case does not show what was said by the counsel for the plaintiff in respect to the unproven fact that the plaintiff had been removed after the injury to the sidewalk. The affidavits differ, and the judge heard nothing said upon the subject.
The charge of the judge does not allude to the fact as proven, and evidently the case was not tried on the assumption that such was a fact in the case. The request to charge the negative was, therefore, based upon nothing, and its refusal was not erroneous. The request seems only to have been addressed to the statement of counsel without proof, and that the jiidge did not hear, and, therefore,, could say nothing. As to the new trial on the ground of newly discovered evidence the papers do hot make out a case. The question of the intoxicated condition of the plaintiff was made the subject of severe attack by the defendant on the trial, and a new trial will not be granted to give an accumulation of testimony upon one issue.
The credibility of the plaintiff’s wife, and of the plaintiff, was also made the subject of contradictory evidence on the trial, and a new trial is not granted to merely impeach a witness. There is no new evidence as to the occurrence, and from the whole case there is no probability of a different result than the one reached by the case as tried.
The judgment and order denying new trial, and the *691 order denying motion for new trial, should be affirmed, with costs.
Pratt, J., concurs; Dykman, J., dissents.